1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HERMOSA ON METROPOLE, LLC, a California limited liability company,<br><br>           Plaintiff,<br><br>       v.<br><br>CITY OF AVALON, a municipal corporation; and DOES 1-25,<br><br>           Defendant. | Case No. CV13-2439 ABC (FFMx)<br><br>Assigned to:  Hon. Audrey B. Collins<br>Hon. Frederick F. Mumm (Discovery)<br><br>[~~PROPOSED~~] ORDER ENTERING STIPULATED CONFIDENTIALITY ORDER<br><br>**Note Changes Made by Court.**<br><br>Trial:  January 28, 2014 |

## [~~PROPOSED~~] ORDER

       This action involves allegations concerning financial harm to Plaintiff Hermosa On Metropole, LLC ("Hermosa") stemming from the Defendant City of Avalon's ("City") (collectively, the "Parties") alleged deprivation of Hermosa's civil rights.  Discovery in this action will involve the disclosure of private, privileged, proprietary, and confidential information, including without limitation the following:

          A)    Confidential and non-public financial records and tax information;

          B)    Proprietary and confidential business information, including leases and rental rates; and

C)    Confidential and private information of individuals who are not parties to this litigation.

Pursuant to FED. R. CIV. P. 26(c) and 29, good cause therefore exists for entry of this Order because the Parties to this action (a) either have sought or might seek the discovery of certain information in this action that the Parties believe is sensitive or confidential, (b) believe that unrestricted disclosure or dissemination of such information could cause them some business or commercial injury, (c) desire an efficient and practicable means to designate such information as confidential and control its disclosure or dissemination, and (d) have agreed to such means as set forth herein.

The Court hereby ORDERS THAT:

1.    During the course of this litigation, all documents and information that a party considers to contain or to constitute confidential, trade secrets, proprietary and/or financial information including but not limited to: (a) financial statements and tax documents; (b) transient occupancy tax forms; (c) leases; (d) property and business valuations; (e) third party tax and financial information; (f) data derived from such confidential information, including any summaries, compilations, quotes, or paraphrases thereof; and (g) any other oral, written, or recorded material which consists of or contains confidential financial information, trade secret, or commercial information or information subject to a claim of right to privacy and that has been designated by the producing party as confidential by stamping or writing "CONFIDENTIAL" on the face of the document, or alternatively, on the portion thereof containing the confidential information, shall be handled in accordance with this Confidentiality Order.

2.    Any designating party shall have the right to designate as "CONFIDENTIAL" any information and/or document it believes in good faith embodies trade secret, or other confidential research, confidential development, or confidential commercial information, financial, proprietary or personal information.

3.      In the case of documents or information produced by third parties, any third party hereto shall also have the right to designate said information and/or documents as being "CONFIDENTIAL" as necessary.

4.      A designation of "CONFIDENTIAL" pursuant to this Confidentiality Order shall not be construed as a concession by any party that such information is relevant or material to any issue, or is in fact confidential, proprietary, privileged, or a trade secret.

5.      CONFIDENTIAL information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any other business purpose, and shall not be disclosed to any person who is not a qualified recipient, except as hereinafter provided.

6.      With respect to information and/or documents designated as "CONFIDENTIAL," "qualified recipient" shall mean:

A)      The Court and those employed by the Court, and court reporters and those employed by court reporters to transcribe, record or videotape testimony in this litigation;

B)      The parties to this case, including officers, employees and/or directors of the receiving party responsible for handling and/or directly participating in the prosecution and defense of this litigation on behalf of the receiving party.

C)      The outside attorneys and in-house counsel (collectively "attorneys") of the receiving party in connection with this action.

D)      Members of the paralegal, secretarial and clerical staff (including short hand reporters) employed by the receiving party or its attorneys.

E)      Members of the data entry and data processing staff employed by the receiving party's attorneys in assisting in the development and/or the data retrieval systems in connection with the action.

-3-

F)      The expert witnesses or consultants, if any, employed by the
receiving party and/or its attorneys for the assistance in this
action.

7.      All qualified recipients specified in Paragraph 6 (B) through (E)
shall, before any CONFIDENTIAL information or documents are disclosed to them,
be advised of the provisions of the Confidentiality Order by disclosing counsel and
such persons must agree to be bound by the terms hereof and maintain said
information or documents in confidence, and not disclose said information or
documents to anyone other than in accordance with the terms of this Confidentiality
Order.  Any qualified recipients specified in Paragraph 6 (F) shall be required to
sign the certificate of confidentiality attached as Exhibit "A" hereto prior to
receiving any confidential information or documents subject to this Confidentiality
Order.  Copies of executed certificates of confidentiality shall be maintained by each
party.  In the event of a dispute regarding disclosure of CONFIDENTIAL
information, copies of the certificates shall be provided to opposing parties' counsel
upon request.

8.      Persons who are not qualified recipients under this
Confidentiality Order may be examined as witnesses at depositions concerning
CONFIDENTIAL information if such persons have prior knowledge of such
CONFIDENTIAL information, or they agree to sign the certificate of confidentiality
attached as Exhibit "A" hereto or to the terms thereof on the record.

9.      Should a party find it necessary in preparation for trial or other
proceedings in this action to disclose an adversary's CONFIDENTIAL information
to any person who is not a qualified recipient under the terms of this Order, a notice
shall be served on the designating party identifying the person or persons to whom
disclosure is to be made together with the designation of the specific documents or
contents thereof to be disclosed to each such person and a statement of the necessity

for such disclosure.  Such notice shall be accompanied by a written acknowledgment by each such person to whom disclosure is to be made, stating that he or she has read and understands this Order and agrees to be bound by its terms. If the designating party objects to the proposed disclosure, it shall state its objections and the reasons therefor in writing within ten (10) days of the receipt of the notice. If objected to, the disclosure shall not be made except upon further order of this Court.

**9.5    If a party to whom CONFIDENTIAL material has been produced is subpoenaed or ordered by another court or administrative agency to produce information that is subject to this protective order, such party shall notify promptly the party who produced the material of the pending subpoena or order.  It is the producing party's responsibility to take whatever action it deems appropriate to challenge the subpoena or order in the issuing court or agency.  The party subject to the subpoena or order shall not produce any CONFIDENTIAL materials in advance of the date required by the subpoena or order.  Nothing herein shall be construed as relieving anyone subject to this order from any obligation to comply with a validly issued subpoena or order. (FFM)**

10.    In the case of depositions, the provisions of this Order may be invoked by (a) declaring on the record at the deposition that the information that is disclosed is CONFIDENTIAL, with instructions that those portions of the transcript containing such information be separately bound, or (b) designating specific pages as CONFIDENTIAL and serving such designations within 30 days of receipt of the transcript of the deposition in which the designations are made.

11.    CONFIDENTIAL information shall not be copied or otherwise reproduced by the receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court.  Nothing herein shall, however, restrict a qualified

1    recipient from making working copies, abstracts and digests of CONFIDENTIAL

2    information for use in connection with this action, and such working copies,

3    abstracts and digests of CONFIDENTIAL information shall be deemed

4    CONFIDENTIAL under the terms of this Confidentiality Order.  Further, nothing

5    herein shall restrict a qualified recipient from converting or translating

6    CONFIDENTIAL information into machine readable form for incorporation in a

7    data retrieval system used in connection with this action, provided such converted or

8    translated information shall be considered CONFIDENTIAL and that access to

9    CONFIDENTIAL information in whatever form stored or reproduced, shall be

10   limited to qualified recipients.

11          12.    Any party seeking to file with the Court any document or thing

12   designated under this Confidentiality Order by that party as CONFIDENTIAL may,

13   at that party's option, seek to have the document or thing filed under seal in

14   accordance with the procedures of C.D. Cal. Local Rule 79-5.1.  Any party seeking

15   to file with the Court any document or thing designated under this Confidentiality

16   Order by any other party as CONFIDENTIAL shall file that document under seal

17   under seal in accordance with the procedures of C.D. Cal. Local Rule 79-5.1 unless

18   the designating party provides prior written consent to waiver of this Paragraph with

19   respect to the subject filing.  Where one party wishes to file or lodge any documents

20   or things with the Court under seal, the other party shall not unreasonably withhold

21   agreement to such filing or lodging under seal.  If such agreement is provided, the

22   Parties shall submit to the Court a**n application pursuant to Local Rule 79-5.1**

23   **along with the** stipulation and proposed order for such filing or lodging under seal.

24   If no such agreement is provided, then the filing or lodging party shall submit an

25   application and proposed order to the Court pursuant to C.D. CAL. LOCAL RULE 79-

26   5.1.  **(FFM)**

27   / / /

28   / / /

13.     By entering into this Stipulation, the receiving parties do not concede that the marking of any document as "CONFIDENTIAL" by the producing parties causes that document or the information contained in that document to become confidential trade secrets, proprietary and/or financial information.  The receiving party reserves its/his right to move the Court with appropriate notice to remove the "CONFIDENTIAL" designation from any information or documents designated by the producing parties.  In such case, designating party shall bear the burden of proving that the designation is justified.  The parties shall meet and confer in good faith prior to the filing of any motion to de-designate any material designated as "CONFIDENTIAL."

14.     The restrictions and obligations relating to documents and information protected by this Confidentiality Order shall not apply (a) to any such document or information which both parties agree, or which the Court rules is already public knowledge or becomes public knowledge other than as a result of disclosure by the receiving party, or (b) to any document or information as to which receiving party demonstrates that it had prior knowledge independently of the producing party.

15.     Any inadvertent production of documents containing privileged information shall not constitute a waiver of the attorney-client privilege, work product doctrine or any other applicable privilege or doctrine.  All parties specifically reserve the right to demand the return of any privileged documents that it may produce inadvertently during discovery if the producing party determines that such documents contain privileged information.  Upon request by the producing party for return of any such documents designated as within the attorney-client, privilege, work product doctrine, or any other applicable privilege or doctrine, the receiving party immediately shall return to the producing party all copies of such documents.  Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege, work product doctrine, or any other

1   applicable privilege or doctrine designation by filing an appropriate motion with the

2   court.  If any party inadvertently fails to designate a document or information as

3   CONFIDENTIAL, that party may subsequently do so in writing and that material

4   shall be deemed CONFIDENTIAL from the date of such designation.  Upon

5   receiving such notice, all receiving parties shall employ reasonable efforts to ensure

6   that all inadvertently disclosed information is subsequently treated as confidential

7   pursuant to the terms of this Stipulated Confidentiality Order.

8           16.    Prior to trial, the parties shall meet and confer after the pretrial

9   conference concerning appropriate methods for dealing with material designated as

10  CONFIDENTIAL at trial.

11          17.    Upon final termination of this action, including all appeals, each

12  party shall return all materials produced and designated as CONFIDENTIAL to the

13  producing party or shall certify the destruction of such materials, in whatever form

14  stored or reproduced, including all working copies, abstracts and digests thereof.

15  The attorneys representing each party in this action shall be entitled to retain file

16  copies, in whatever form stored or reproduced, including all other materials

17  including, but not limited to, court filings, discovery responses and documents,

18  deposition and court transcripts, correspondence, memoranda, notes and other work

19  product materials, which contain or refer to CONFIDENTIAL information.  Any

20  such materials which are not returned or destroyed shall remain subject to this

21  Confidentiality Order, and the Court shall retain jurisdiction to ensure that the terms

22  hereof are not violated.

23          18.    The Court can modify this Order in the interest of justice or for

24  good cause shown.

25          19.    Good cause exists for this Order.  This action involves the

26  proprietary business and financial information of the Parties and third-parties, and

27  discovery in this action will involve the disclosure of private, privileged,

28

-8-

1    proprietary, and confidential information, including without limitation the

2    following:

3

4            A)     Confidential and non-public financial records and tax

5                   information;

6            B)     Proprietary and confidential business information, including

7                   leases and rental rates; and

8            C)     Confidential and private information of individuals who are not

9                   parties to this litigation.

10           The Stipulated Confidentiality Order submitted by the parties is hereby

11   entered.

12           IT IS SO ORDERED.

13

Dated:  August 29, 2013

14

15                                    By     ___/S/ FREDERICK F. MUMM___

16                                           Hon. Frederick F. Mumm
                                             United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

-9-